IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALBERT FOSTER and VICTOR OKPECHI, § <br> On Behalf of Themselves and All Others § <br> Similarly Situated, § <br> § <br> Plaintiffs, § <br> § <br> V. § <br> § <br> WORLDWIDE FLIGHT SERVICES, INC., § <br> § <br> Defendant. § | CIVIL ACTION NO. 3:18-cv-215 <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION |

**<u>PLAINTIFFS' ORIGINAL COMPLAINT</u>**

Plaintiffs, ALBERT FOSTER ("Foster") and VICTOR OKPECHI ("Okpechi") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Complaint against WORLDWIDE FLIGHT SERVICES, INC. ("Worldwide" or "Defendant"), showing in support as follows:

### I. <u>NATURE OF THE CASE</u>

1. This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek. Namely, Plaintiffs were not paid all FLSA overtime wages owed because Defendant improperly rounded down their respective time worked in relevant workdays and workweeks.

2. Plaintiffs file this lawsuit on behalf of themselves and as a FLSA collective action on behalf of all other similarly situated current and/or former employees of Defendant who work(ed) as ramp agents, are/were paid an hourly rate of pay, are/were classified as FLSA overtime eligible and/or FLSA non-exempt, and like Plaintiffs, are not/were not paid time and

one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward due to Defendant's time rounding practices and/or policies.

3. Plaintiffs and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II.    THE PARTIES, JURISDICTION, AND VENUE

### A.    Plaintiff Albert Foster

4. Foster is a natural person who resides in Dallas County, Texas. He has standing to file this lawsuit.

5. Foster is and was employed by Defendant as an hourly paid ramp agent.

6. Foster's employment with Defendant began on approximately June 8, 2017.

7. Foster is and was a non-exempt employee of Defendant pursuant to the FLSA.

8. At all times relevant, Foster has worked for Defendant at and around Defendant's DFW Airport place of business with the address of 1925 W. John Carpenter Freeway, Irving, Dallas County, Texas, 75063.

9. By filing this lawsuit and complaint, Foster consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

### B.    Plaintiff Victor Okpechi

10. Okpechi is a natural person who resides in Dallas, County, Texas. He has standing to file this lawsuit.

11. Okpechi is and was employed by Defendant as an hourly paid ramp agent.

12. Okpechi's employment with Defendant began on approximately July 21, 2017.

13. Okpechi is and was a non-exempt employee of Defendant pursuant to the FLSA.

14. At all times relevant, Okpechi has worked for Defendant at and around Defendant's DFW Airport place of business with the address of 1925 W. John Carpenter Freeway, Irving, Dallas County, Texas 75063.

15. By filing this lawsuit and complaint, Okpechi consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

C.   **Collective Action Members**

16. The putative collective action members are all current and/or former hourly employees of Defendant who are/were employed as ramp agents in the United States and its territories that are covered by the FLSA, are/were considered/classified as FLSA overtime eligible/FLSA non-exempt employees by Defendant, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek due to Defendant's time rounding practices and/or policies. Because Defendant did not and does not pay all overtime premium compensation to its hourly paid ramp agent employees who routinely work(ed) in excess of 40 hours per workweek, Plaintiffs and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

17. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

18. Plaintiffs reserve the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for conditional certification filed in this lawsuit.

D.   **Defendant Worldwide Flight Services, Inc.**

19. Defendant is a corporation organized under the laws of the State of Delaware.

20. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

21. Defendant has business operations in numerous world-wide locations.

22. For its North American business operations, Defendant's principal place of business and/or headquarters is, and at all times relevant, has been, 1925 W. John Carpenter Freeway, Suite 450, Irving, Dallas County, Texas 75063.

23. The claims against Defendant in this lawsuit relate only to current and/or former employees of Defendant relative to work in the United States.

24. Defendant's principal place of business for domestic and foreign business operations, as listed with the Texas Secretary of State, is conflicting as two locations are represented by Defendant as its principal place of business – 360 North Crescent Drive, Beverly Hills, California and 151 East Hanger Road, Suite 361, JFK International Airport, Jamaica, New York 11430. On information and belief, the California location was Defendant's principal place of business until changing to the New York location on approximately December 22, 2017.

25. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

26. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

27. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

28. For example, Defendant employed two or more employees who regularly engaged in commerce in their daily work. Examples of that commerce include ramp agent and/or cargo

handler work offered/provided by Defendant to customers in Texas and states other than Texas and communications by phone, mail, and internet with vendors, customers, and/or prospective customers in Texas and states other than Texas.

29.     Furthermore, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include: equipment and supplies used in connection with ramp agent and/or cargo handler work; vehicles; dollies; cargo, baggage, and/or package transportation related equipment; personal protection equipment (PPE); communications equipment; computers; computer related equipment; electronic communication devises; and other equipment, supplies, goods, and/or materials used in connection with Defendant's business operations.

30.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

31.     Defendant may be served with summons through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### E.     Jurisdiction and Venue

32.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

33.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

34.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

35. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely the FLSA.

36. Venue is proper in the United States District Court for the Northern District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in this District. As previously identified, Defendant maintains its principal place of business/headquarters for its North American business operations within this District and conducts substantial business operations in this District that involved Plaintiffs and numerous putative collective action members. Plaintiffs worked and continue to work as ramp agents for Defendant in this District and work performed by Plaintiffs relative to their FLSA claims in this lawsuit occurred in this District.

37. Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas because, as previously identified, Defendant maintains its principal place of business/headquarters for its North American business operations within this Division and conducts substantial business operations in this Division that involved Plaintiffs and numerous putative collective action members. Plaintiffs worked and continue to work as ramp agents for Defendant in this Division and a significant portion of the work performed by Plaintiffs relative to their FLSA claims in this lawsuit occurred in this Division.

### III. FACTUAL BACKGROUND

38. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

39. Defendant provides cargo, passenger, ramp, baggage, and technical services at numerous airports and other locations in the United States in addition to locations outside of the United States.

40. For Defendant's European operations, its headquarters/principal place of business is in France. For Defendant's Asia Pacific and Middle Eastern operations, its headquarters/principle place of business is in Hong Kong. For Defendant's North American operations, its headquarters/principle place of business is 1925 W. John Carpenter Freeway, Suite 450, Irving, Dallas County, Texas 75063. The claims in this lawsuit relate only to current and/or former employees of Defendant who worked and/or continue to work in the United States and territories of the United States subject to the FLSA.

41. In connection with its primary business operations in the United States and territories of the United States covered by the FLSA, Defendant employs/employed numerous hourly paid ramp agents during the time period relevant to this lawsuit. Those ramp agents had/have primary job duties that are/were substantially similar to Plaintiffs' primary job duties and work/worked in numerous cities in the United States and territories of the United States covered by the FLSA.

42. Those current and/or former ramp agent employees of Defendant are and/or were paid on an hourly basis by Defendant.

43. Those current and/or former hourly paid ramp agent employees of Defendant have and/or had primary job duties that included manual labor.

44. Those current and/or former hourly paid ramp agent employees of Defendant are and/or were considered FLSA overtime wage eligible by Defendant.

45. Those hourly paid ramp agent are and/or were labeled as FLSA non-exempt employees by Defendant.

46. As previously stated, Plaintiffs work(ed) as hourly paid ramp agent employees of Defendant during the relevant time period.

47. Plaintiffs routinely and respectively work(ed) in excess of 40 hours in numerous seven day workweeks as employees of Defendant.

48. Defendant had and/or has a company-wide practice and/or policy of rounding down the daily time worked by hourly paid ramp agents, including Plaintiffs. That rounding of time in Defendant's favor purports to show fewer hours worked per workday and workweek than actually worked by ramp agents like Plaintiffs.

49. The amount of time worked that is and/or was rounded down by Defendant is not and/or was not trivial or de minimis.

50. The time worked that is and/or was rounded down by Defendant occurred relative to work that was integral and indispensable to the performance of the ramp agents' primary and principal job duties for Defendant. Such rounding occurs/occurred in connection with work that was during the continuous workday of the respective ramp agent employees.

51. Defendant's rounding practice and/or policy results in and/or resulted in ramp agent employees, including Plaintiffs, not being paid for all time they actually worked, over time.

52. Defendant's practice and/or policy of rounding down time worked for ramp agent employees, including Plaintiffs, results and/or resulted in such current and/or former employees not being paid time and one-half their respective regular rates of pay for each and every hour worked over 40 in all workweeks in the time period relevant to this lawsuit.

53. Defendant is and was required to pay Plaintiffs and the putative collective action members overtime wage premium compensation when they respectively work/worked in excess of 40 hours in a seven day workweek pursuant to 29 U.S.C. § 207(a)(1).

54. Defendant's time rounding practice and/or policy resulted, and continues to result, in a failure of Defendant to properly pay Plaintiffs and the putative collective action members for all time they have actually worked.

55. The failure of Defendant to pay Plaintiffs and the putative collective action members time and one-half their respective regular rates of pay for each and every hour worked over 40 in a seven day workweek is a violation of the FLSA.

## IV.  CONTROLLING LEGAL RULES

56. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

57. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

58. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

59. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

60. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

61. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

## V.    FLSA CLAIMS

62. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

63. All conditions precedent to this suit, if any, have been fulfilled.

64. At relevant times, Defendant is and/or was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

65. At relevant times, Defendant is and/or has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

66. Plaintiffs and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

67. Plaintiffs and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

68. Plaintiffs and the putative collective action members are and/or were paid an hourly rate of pay by Defendant.

69. At material times, Plaintiffs and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

70. Plaintiffs and the putative collective action members are and/or were FLSA non-exempt employees of Defendant.

71. Defendant is and/or was required to pay Plaintiffs and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

72. Defendant failed to pay Plaintiffs and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

73. Defendant's rounding practice and/or policy results in and/or resulted in Plaintiffs and the putative collective action members, over time, not being paid for all time they actually worked. *Eyles v. Uline, Inc.*, No. 4:08-CV-577-A, 2009 WL 2868447, at *4 (N.D. Tex. Sept. 4, 2009) (McBryde, J.), *aff'd*, 381 F. App'x 384 (5th Cir. 2010).

74. The putative collective action members are and/or were similarly situated to the Plaintiffs and to each other under the FLSA. 29 U.S.C. § 216(b).

75. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiffs and the putative collective action members are not and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek due to the timekeeping and/or payroll rounding practices and/or policies Defendant chose to implement and used. Plaintiffs and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

76. Plaintiffs and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI. FLSA COLLECTIVE ACTION

77. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (Boyle, J.) (same).

78. Plaintiffs seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of themselves and all current and/or former hourly employees of Defendant who: (a) are and/or were employed as ramp agents in the United States and its territories that are covered by the FLSA; (b) are and/or were considered and/or classified as FLSA overtime eligible and/or FLSA non-exempt employees by Defendant; and (c) are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek due to Defendant's time rounding practices and/or policies. Because Defendant did not and does not pay all overtime premium compensation to its hourly paid ramp agent employees who routinely work(ed) in excess of 40 hours per workweek, Plaintiffs and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

79. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

80. Plaintiffs reserve the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII. JURY DEMAND

81. Plaintiffs demand a jury trial.

## VIII. DAMAGES AND PRAYER

82. Plaintiffs ask that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back overtime wages;

   c. Liquidated damages in an amount equal to back FLSA mandated wages;

   d. Legal fees;

   e. Costs;

   f. Post-judgment interest; and/or

   g. All other relief to which Plaintiffs and the Collective Action Members are entitled.

January 26, 2018.

Respectfully submitted,

By:   s/ Allen R. Vaught
      Allen R. Vaught
      Attorney-In-Charge
      TX Bar No. 24004966
      MS Bar No. 101695
      avaught@baronbudd.com
      Melinda Arbuckle
      TX Bar No. 24080773
      marbuckl@baronbudd.com
      Farsheed Fozouni
      TX Bar No. 24097705
      ffozouni@baronbudd.com
      Baron & Budd, P.C.
      3102 Oak Lawn Avenue, Suite 1100

Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile

ATTORNEYS FOR PLAINTIFFS